UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLESETTA WILLIAMS                           CIVIL ACTION NO. 21-cv-3799

VERSUS                                         JUDGE DOUGHTY

STEVE PRATOR, ET AL.                           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Charlesetta Williams ("Plaintiff"), who is self-represented, has filed seven prior civil actions in this court. Two new actions, this one and Williams v. Raymond, 21 CV 3624, bring her total to nine. The complaints usually target the Caddo Correctional Center, the sheriff, chief of police, or other law enforcement officials. None of the prior cases have been found to have merit. This suit also lacks merit and, for the reasons that follow, should be dismissed. Because Plaintiff has abused the litigation process, she should also be banned from filing any new civil actions without prior written approval from a district judge.

**Authority to Review Complaint**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The

complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

A district court may also dismiss an action on its own motion under Fed. R. Civ. Pro. 12(b)(6) as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Analysis**

This matter's origin is a one-page handwritten item that was delivered to the clerk of court in October 2021. The letter is attached to the current complaint and is largely gibberish. For example, it sets forth a long list of names, including judges of this court, with no context. The only passage that approaches allegations of facts reads:

> have a camera in his car a lap-top computer with stalking devices in it with a disc & tape the disc is in the shop of police cars with camera in cars on lot me in them officer at shop Allen Atkins hand on it picture of so white officer one officer badge nm 1551 L.W.E. arrested Corporal Davis badgme nm 204 C.W. A mistermena drug p. 2 counts drinking in public felony dr note 2700 blk M.L.K. Dr.  I will like to file charges 10-13-2021 crime Charlesetta Williams.

There is nothing else in the writing that makes any more sense.

The clerk of court returned the item to Plaintiff with a letter that stated the court was unable to determine from the submission exactly what Plaintiff wanted the court to do, if anything.  Plaintiff was advised that, if she believed she had been legally wronged or injured in a way the court could redress, she should file a formal complaint.  See Doc. 1, p. 6.

Plaintiff then filed this action on a civil rights complaint form provided by the court. She names as defendant Sheriff Steve Prator, and four other law enforcement officers.  Part IV of the form asks the filer to state the facts of her case, specifically describe the involvement and actions of each defendant, and included the dates and places of that conduct.  Plaintiff wrote only: "A civil rights complaint ilega arrested 69401-146117 96401-146117 mental 146117."  Part V of the form asked Plaintiff set forth the relief she requests.  Plaintiff wrote: "Covenction of sentence Section 1984."  She attached her former written submission, along with the letter from the clerk of court that returned it.  No other facts are included in the complaint.

The most that can be discerned from Plaintiff's submission is that she perhaps suggests that she was unlawfully arrested.  To prevail on a false arrest claim based on 42 U.S.C. § 1983, Plaintiff must show that the arresting officer did not have probable cause to

make the arrest.  Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004).  On the other hand, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  Devenpeck v. Alford, 125 S.Ct. 588, 593 (2004).  "Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  U.S. v. Watson, 273 F.3d 599, 602 (5th Cir. 2001).  Also, the general rule is that to establish liability under § 1983, an individual defendant "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation."  Turner v. Lieutenant Driver, 848 F.3d 678, 695-96 (5th Cir. 2017).

 Plaintiff's filings do not even make clear that she is asserting a false arrest claim, what she may have been arrested for, or who may have arrested her.  She has certainly not alleged facts to show that Sheriff Prator or any named defendant had any personal involvement in an arrest of her, that an arrest lacked probable cause, or that Prator or other defendant was in some other way responsible for any violation of her civil rights.  The complaint does not, therefore, state a plausible claim on which relief may be granted.

 Plaintiffs who fail to state a claim are sometimes allowed an opportunity to amend their complaint and attempt to provide the necessary facts.  No such opportunity is warranted here because Plaintiff has essentially had two opportunities to explain to the court the basis of this claim, and her history of frivolous litigation indicates that any attempt

to amend would be a waste of time. Her most recent civil action prior to this one, Williams v. Raymond, 21 CV 1987, was almost identical to the filings in this case, and Plaintiff has done nothing to improve them even though the court explained the deficiencies in the prior suit. Further evidence of the lack of merit in Plaintiff's submissions can be found in In re Charlesetta Williams, 14-mc-0041, where the clerk of court has recorded several blank or unintelligible filings received from Plaintiff over the years.

**Conclusion; Sanctions**

The complaint does not set forth enough facts against any defendant to state any plausible claim on which relief may be granted, so the complaint should be dismissed. Plaintiff has now filed at least eight meritless lawsuits, and she has filed multiple meritless filings within those proceedings. Each of Plaintiff's complaints and filings require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).

In 21 CV 1987, the undersigned set forth these rules and issued this warning:

> Plaintiff is warned that she will be subject to potential sanctions if she files frivolous or malicious motions or new suits in this court. Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the imposition of monetary sanctions, or an order for other appropriate sanctions.

Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. <u>Martin v. Dist. of Columbia Court of Appeals</u>, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

Plaintiff has been given repeated opportunities to file a meritorious complaint, she has failed on every occasion, and she has been warned that continuing to file frivolous complaints could lead to sanctions. It is now time to impose those sanctions and end Plaintiff's abuse of the litigation process. The circumstances warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if she ever has a good faith complaint.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

It is further recommended that the Clerk of Court be ordered to decline to file any civil complaint submitted by Charlesetta Williams unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that

the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of November, 2021.



Mark L. Hornsby
U.S. Magistrate Judge